Opinion issued April 28, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00917-CV

_____

## IN THE INTEREST OF D.D.D.-H. A/K/A D.D.D.H., A.R.M., AND O.N.H. A/K/A O.H., CHILDREN

---

### On Appeal from the 313th District Court
### Harris County, Texas
### Trial Court Case No. 2021-01301J

---

## CONCURRING OPINION

The Constitutions of the United States and Texas "protect parents' rights to raise and nurture their children." *In re J.F.-G.*, 627 S.W.3d 304, 311 (Tex. 2021). "The termination of parental rights is one of the most intrusive actions available to the State." *Id.* at 318 (Blacklock, J., dissenting) (citation and quotation marks

omitted). For the State to terminate parental rights, the State must establish by clear and convincing evidence both that (1) the parent's acts or omissions satisfy a statutory ground for termination under Texas Family Code Section 161.001, and (2) termination is in the child's best interest. TEX. FAM. CODE § 161.001(b); *In re J.F.-G.*, 627 S.W.3d at 312 (majority opinion).

I join the majority in affirming. This record contains legally and factually sufficient evidence to affirm the termination order. For example, as discussed in detail in the majority opinion, among other evidence, this record includes evidence that the mother physically abused Daniel and Alex and that Daniel preferred that the mother's parental rights be terminated.[1]

I write separately to make clear that our opinion should not be misunderstood as suggesting that a parent's mere lack of financial means, having a less structured or rule-requiring home, or failing to control young children at a McDonald's (which could happen to any parent—*even* the best of parents), would support the "death penalty" termination of parental rights.

As Chief Justice Blacklock emphasized in his dissent in *In re R.R.A.*, to support termination on endangerment grounds, "the statute requires clear and convincing evidence of endangerment *that warrants the extraordinary remedy of termination*." 687 S.W.3d 269, 284 (Tex. 2024) (Blacklock, J., dissenting).

---

[1]  This concurring opinion uses the same pseudonyms as the majority opinion.

2

Concerning poverty, Texas's statute is itself clear that evidence of a "parent [being] economically disadvantaged" "does not constitute clear and convincing evidence sufficient for a court to make a finding under Subsection (b) and order termination of the parent-child relationship." TEX. FAM. CODE § 161.001(c)(2). Moreover, "[i]n any non-ideal family situation—whether poverty, homelessness, drugs, living in a rough neighborhood, etc.—the children will face many dangers not faced by children in more ideal environments." *In re R.R.A.*, 687 S.W.3d at 284 (Blacklock, J., dissenting). But the reality that impoverished children face does not itself make all such parents "eligible for the civil death penalty under the Family Code." *Id.* Sufficient evidence that meets the statutory requirements for termination is required.

In my review of parenteral termination cases, I have noticed that sometimes, even often, briefs throw in the "kitchen sink," intermingling critical evidence concerning termination with other evidence. Sometimes, this other evidence includes evidence that, while perhaps not evidence of ideal parenting, captures unexceptional occurrences. (What parent has never experienced wrangling an out-of-control young child at a restaurant?) Sometimes, some of this other "evidence" offers no weight at all in the termination inquiry. Maybe this throw-everything-in approach results from the nature of our sufficiency review in these cases. And maybe courts are in part to blame: precedent sometimes recites all evidence (even irrelevant evidence), encouraging parties and lawyers to continue this course of action.

3

It is important for litigants and courts to distinguish evidence that supports termination from evidence that does not. And courts should choose their words carefully, avoiding the risk that precedent be misconstrued to support a future termination of rights based on evidence that would not satisfy the requirements for termination. *See D.V. v. Tex. Dep't of Fam. & Protective Servs.*, 722 S.W.3d 854, 858 (Tex. 2025) (emphasizing that "actions which break the ties between a parent and a child can never be justified without the most solid and substantial reasons") (citation, quotation marks, and brackets omitted).

This record meets Texas's standard, so I vote to affirm. I write separately to make a broader point. I urge litigants and courts to focus on the relevant evidence at issue, and I emphasize the significant rights at stake and the high burden required to support termination.

Jennifer Caughey
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Justice Caughey, concurring.